UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAREL BROOKS,

    Plaintiff,

v.

CHRYSLER GROUP LLC–UAW
PENSION PLAN,

    Defendant.
_____/

CASE NO. 11-11001

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD AND DENYING PLAINTIFF'S CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

This matter is before the Court on Defendant Chrysler Group LLC–UAW Pension Plan's Motion for Judgment on the Administrative Record (Doc. 11) and Plaintiff Jearel Brooks' Cross-Motion for Judgment on the Administrative Record (Doc. 12). Plaintiff brought this action under the Employee Retirement Income Security Act challenging Defendant's denial of permanent total disability retirement benefits. (Doc. 1). The Court has reviewed the record and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons that follow, Defendant's motion is **GRANTED** and Plaintiff's motion is **DENIED**.

**I.      STATEMENT OF FACTS**

Plaintiff Jearel Brooks' former employer, Chrysler Group LLC ("Chrysler"), provides eligible employees permanent total disability retirement benefits ("PTD benefits") under the Chrysler Group LLC-UAW Pension Plan ("the Plan" or

"Defendant"). (AR 3-4).[1] Chrysler sponsors the Plan; the Chrysler Group LLC-UAW Pension Board of Administration administers the Plan. (AR 48). The Board of Administration is comprised of three Chrysler-appointed members and three UAW-appointed members. (AR 91).

To obtain PTD benefits under the Plan, an employee must: (1) be permanently and totally disabled for the remainder of his or her life; (2) have been disabled for at least five months prior to the effective date of retirement indicated on the retirement application; and (3) retire before age 65 with ten or more years of credited service. (AR 14-15).

Regarding the first condition, the Plan explains:

> An employee shall be deemed to be permanently and totally disabled only if he is not engaged in regular employment or occupation for remuneration or profit and the Board of Administration shall find, on the basis of medical evidence: (a) that he has been disabled by bodily injury or disease so as to be prevented from engaging in regular employment or occupation with the Corporation at the plant or plants where he has seniority for remuneration or profit, and (b) that his total disability will be permanent and continuous during the remainder of his life . . . .

(AR 15).

An employee who applies for PTD benefits must submit to an examination by a sponsor appointed physician who will issue a medical opinion on whether the employee is permanently and totally disabled. (AR 14-16). If the sponsor's physician disagrees with the employee's physician on the disability question, then the employee is required to submit to an independent medical exam ("IME") by a physician selected by the PTD Review Committee, a body charged with reviewing PTD benefits claims. Id. The

---

[1] Citations to (AR___) refer to the Bates stamped page numbers found on the lower right corner of the Administrative Record.

disability opinion of the physician selected by the PTD Review Committee is final. Id. An employee may appeal the PTD Review Committee's decision to the Board of Administration. Id. If the employee desires further review, he or she must file a civil action under section 502(a) of the Employee Retirement Income Security Act ("ERISA").

In March 2009, Plaintiff applied for PTD benefits arising out physical injuries he sustained in a car accident which occurred sometime in 2007. The PTD Review Committee denied that application on June 22, 2009. (AR 164). Plaintiff appealed to the Board of Administration; the Board denied his appeal on October 26, 2009. (AR 150). Plaintiff did not seek judicial review of the October 26, 2009 denial.

On December 9, 2009, Plaintiff again applied for PTD benefits. This time, he claimed he was disabled because of certain psychiatric conditions. Dr. Sandaire, Plaintiff's physician, stated that Plaintiff has "bi-polar disorder–most recent episode manic with psychotic features, outpatient treatment and hospitalizations in distant past, 1 suicide attempt." (AR 167). When asked to explain Plaintiff's physical work restriction, Dr. Sandaire responded: "until [Plaintiff] learned positive coping skills his temper will prevent him from working with others." (AR 168). Dr. Sandaire concluded that Plaintiff is permanently and totally disabled for the rest of his life because his "social skills are impaired due to his psychological state of mind." Id.

In January 2010, Dr. Zimmer, a Chrysler-appointed physician, examined Plaintiff. (AR 169-170). Dr. Zimmer concluded that Plaintiff's bi-polar disorder and psychotic features were controllable and that he is capable of working. Id. Since Dr. Zimmer's disability opinion conflicted with that of Plaintiff's physician, the PTD Review Committee appointed Dr. Wolf to perform an IME.

On February 15, 2010, Dr. Wolf examined Plaintiff for a determination of permanent and total disability "as it pertained to the diagnosis of Bipolar Disorder with most recent episode manic with psychotic features." (AR 220). After reviewing Plaintiff's medical files and conducting an in-person interview, Dr. Wolf found no evidence of cognitive impairment of an organic type, no evidence of thought disorder of a psychotic type, no evidence of hallucinations, and no evidence of apparent suicidal, aggressive, or homicidal ideation, intent, or plan. (AR 223). Dr. Wolfe ultimately concluded that Plaintiff is not permanently disabled for the rest of his life.

By letter dated February 25, 2010, the PTD Review Committee notified Plaintiff that it had denied his December 2009 application for PTD benefits. (AR 163). Plaintiff appealed to the Board of Administration. (AR 234-236). Although Plaintiff expressly focused this appeal on the February 25, 2010 denial, he referenced the spine, leg, and ankle problems that were the subject of his failed March 2009 application. Id.

The Board of Administration ordered an independent review of Plaintiff's medical documentation as part of the appeal process. (AR 138). On September 9, 2010, Dr. Polsky examined the entirety of the medical records that Plaintiff had submitted in support of his PTD benefits application. (AR 287-289). Dr. Polsky found no evidence of delusions, hallucinations, paranoia, or of a formal thought disorder. Id. Though he acknowledged Plaintiff had unresolved psychiatric issues, Dr. Polsky concluded that on the record presented, Plaintiff is not permanently and totally disabled for the remainder of his lifetime. Id. As a result, on September 24, 2010, the Board of Administration issued its final decision denying Plaintiff's December 2009 application for PTD benefits. (AR 292-293).

4

On January 31, 2011, Plaintiff filed suit against Defendant seeking judicial review of the September 24, 2010 denial. (Doc. 1 Ex. 1, p. 4, ¶8 ). The parties' cross-motions for judgment on the administrative record are fully briefed and now before the Court. (Doc. 11; Doc. 12).

## II.   STANDARD OF REVIEW

A district court reviews an ERISA plan administrator's denial of benefits de novo, unless the plan gives the administrator discretionary authority to determine eligibility for benefits. Cox v. Standard Ins. Co., 585 F.3d 295, 299 (6th Cir. 2009) (citing Gismondi v. United Techs. Corp., 408 F.3d 295, 298 (6th Cir. 2005)). If the plan gives the administrator discretionary authority, a court applies the highly deferential "arbitrary and capricious" standard of review. Id. "The arbitrary and capricious standard is the least demanding form of judicial review of administrative action. When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." Schwalm v. Guardian Life Ins. Co. of America, 626 F.3d 299, 308 (6th Cir. 2010) (internal quotation marks omitted) (quoting Shields v. Reader's Digest Ass'n, Inc., 331 F.3d 536, 541 (6th Cir. 2003)). Even when a claimant has introduced evidence that might be sufficient to support a finding of disability, if there is a reasonable explanation for the administrator's decision denying benefits because of the plan's provisions, then the decision is neither arbitrary nor capricious. Id. (citing Williams v. Int'l Paper Co., 227 F.3d 706, 712 (6th Cir. 2000)). Therefore, a reviewing court must uphold the administrator's decision if it is the result of a deliberate, principled reasoning process and is supported by substantial evidence. Id. (quoting Baker v. United Mine Workers of Am. Health & Ret. Funds, 929 F.2d 1140, 1144 (6th Cir. 1991)).

5

**III.     ANALYSIS**

As a threshold matter, Plaintiff concedes the Plan contains language sufficient to grant Defendant discretionary authority to determine benefits eligibility. (Doc. 12, p. 5). Therefore, the Court reviews this case under the deferential arbitrary and capricious standard.

The parties present three issues for decision: (1) whether Defendant properly denied Plaintiff's December 2009 application for PTD benefits; (2) whether the denial was the result of a structural conflict of interest; and (3) whether the Court should award Plaintiff attorney fees. The Court begins with the first issue.

**A.     Defendant's Denial was not Arbitrary or Capricious**

Plaintiff argues Defendant ignored certain medical evidence in denying his December 2009 application. Specifically, Plaintiff maintains Defendant failed to consider his spine, leg, and ankle injuries he sustained in the 2007 car accident. (Doc. 12, p. 10). This argument ignores the medical basis that was the subject of Plaintiff's December 2009 application. In that application, Plaintiff alleged he was disabled solely because of his bi-polar disorder and related psychotic features. (AR 167-168). There is absolutely no claim, reference, or implication in that application that his physical injuries rendered him disabled. Although Plaintiff included medical documentation related to these injuries in his appeal of the February 25, 2010 denial, the proper scope of review was limited to the claim arising out of the alleged psychiatric condition only. Consequently, Defendant was not under an obligation to evaluate the medical evidence surrounding his spine, leg, and ankle in connection with this appeal. These medical

records were simply immaterial for the purposes of determining whether Plaintiff was entitled to PTD benefits based on his bipolar disorder and related psychotic features.

Plaintiff's argument also ignores the reality that the physical injuries he offers in support of his December 2009 application were the basis of his failed March 2009 application. Plaintiff's Complaint in this case does not challenge Defendant's denial of his March 2009 application. He unequivocally focuses this civil action on the denial of his December 2009 application. (Doc. 1 Ex. 1, p. 4, ¶8 ). Therefore, the medical evidence related to Plaintiff's spine, leg, and ankle problems does not support his argument that Defendant arbitrarily and capriciously denied his December 2009 application for PTD benefits based on his psychiatric condition.

Even if Defendant should have considered the medical evidence related to Plaintiff's physical injuries, the Court must affirm the denial because a reasonable basis for the decision clearly exists on the evidence presented. See Schwalm, 626 F.3d at 308. Three doctors found Plaintiff's psychological condition did not permanently and totally disable him for the rest of his life. There is no evidence in the record that Plaintiff is unable to engage in regular employment or that his psychological condition will be permanent and continuous during the remainder of his lifetime. Although Dr. Sandaire opined that Plaintiff is disabled, Defendant justifiably relied upon the opinions of Dr. Zimmer, Dr. Wolf, and Dr. Polsky in light of the available medical evidence. See Evans v. UnumProvident Corp., 434 F.3d 866, 877 (6th Cir. 2006) ("[C]ourts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's

evaluation" (internal quotation marks omitted) (quoting Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003)). Accordingly, Plaintiff has failed to persuade the Court that Defendant's denial was arbitrary and capricious.

### B. Defendant's Denial did not result from a Conflict of Interest.

Plaintiff argues a structural conflict of interest motivated Defendant's decision to deny his application for PTD benefits. Plaintiff claims a conflict exists because "Chrysler is the company not only making the decisions in the claim process but is also the entity paying the claims." (Doc. 12, p. 9). The Court agrees with Defendant that Plaintiff's conflict of interest analysis is fundamentally flawed because he misunderstands the structure of the Chrysler Group LLC-UAW Pension Plan. The defendant in this case is the Plan, not Chrysler. Chrysler merely sponsors of the Plan. The Board of Administration administers the terms of the Plan and determines benefits eligibility, not Chrysler. The Board is an impartial fiduciary body separate and distinct from Chrysler. It consists of three Chrysler-appointed members and three UAW-appointed members. Plan benefits are paid from the Pension Fund, not Chrysler. Accordingly, there is no conflict of interest as Chrysler is not charged with administering claims or paying them.

### C. Plaintiff is not Entitled to Attorney Fees

Plaintiff argues he is entitled to attorney fees under 29 U.S.C. § 1132(g)(1) because Defendant did not consider his physical injuries in connection with his December 2009 application. (Doc. 12, p. 12-13). The Court has rejected this proposition for the reasons set forth above. Therefore, Plaintiff is not entitled to an award of attorney fees.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Administrative Record (Doc. 11) is **GRANTED** and Plaintiff's Cross-Motion for Judgment on the Administrative Record (Doc. 12) is **DENIED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: January 12, 2012

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all Counsel of record via the Court's ECF System.

s/Bernadette M. Thebolt
Case Manager